UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH NEFF, | : | **1:21-CV-01972** |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| U.S. BANK, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER
February 11, 2022

Plaintiff Keith Neff, a prisoner representing himself, began this action by filing a complaint. He also filed an application to proceed *in forma pauperis*, which by a separate order, we granted.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>**(b) Grounds for dismissal.**  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    **(2)** seeks monetary relief from a defendant who is immune from such relief.

Before dismissing a complaint under the screening provision of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  Given the liberal standard for leave to amend, and given that we frequently see complaints filed by parties representing themselves that fail to comply with the basic rules regarding pleadings, after setting forth some of those basic rules (with which the current complaint may or may not comply), we will give Neff leave to file an amended complaint to attempt to correct any deficiencies with his compliance with these basic rules.

**Federal Rule of Civil Procedure 8.**

Neff's complaint must comply with the pleading requirements of Fed. R. Civ. P. 8.  "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "[A]

2

court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Nevertheless, a pro se complaint still must comply with the basic pleading requirements of Rule 8. Federal Rule of Civil Procedure 8 requires, among other things, that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(a)(3). Rule 8 also requires that each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93).

**Federal Rule of Civil Procedure 10.**
The complaint must also comply with Fed. R. Civ. P. 10, which provides, among other things, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim

3

founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

### Federal Rule of Civil Procedure 11.

Every pleading and paper filed in federal court must also comply with Federal Rule of Civil Procedure 11(a), which provides that "[e]very pleading, written motion, and other paper must be signed by a least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Rule 11(a) also requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

By signing a pleading, such as a complaint, a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

>**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). And a party who violates Rule 11(b) may be subject to sanctions. *See* Fed. R. Civ. P. 11(c).

### Federal Rules of Civil Procedure 18 and 20.

Federal Rule of Civil Procedure 18 provides, in pertinent part, that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus, when an action involves only one defendant, a plaintiff may assert every claim he has against that defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction." *Folk v. Bureau of Prisons*, No. 3:18-CV-2252, 2021 WL 922065, at *2 (M.D. Pa. Mar. 10, 2021), *aff'd on other grounds*, No. 21-1543, 2021 WL 3521143, at *4 (3d Cir. Aug. 11, 2021).

But "[w]hen a plaintiff seeks to assert claims against *multiple* defendants, Rule 20 also comes into play." *Id*. (italics in original). "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966)).

5

Still, the liberal policy of joinder under Rule 20 does not mean that unrelated claims against multiple defendants can be joined in one action. Rather, the requirements of Rule 20(a)(2) regarding joinder of defendants must be satisfied, and that Rule provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking *all* defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact." *Folk*, 2021 WL 922065, at *2 (italics in original). "That is, there must be at least one common claim against all named defendants." *Id*.

### Eleventh Amendment.

"Our federalist system of government accords respect for the sovereignty of the States in a variety of ways, including the Eleventh Amendment to the United States Constitution, which immunizes States from suits brought in federal court by both their own citizens and citizens of other States." *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 81 (3d Cir. 2016). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "'to stand not so much for what it says, but for the presupposition . . . which it confirms.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). That presupposition is that each state is a sovereign entity in our federal system and it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.*

"Immunity from suit in federal court under the Eleventh Amendment is designed to preserve the delicate and 'proper balance between the supremacy of federal law and the separate sovereignty of the States.'" *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (quoting *Alden v. Maine*, 527 U.S. 706, 757 (1999)). It "serves two fundamental imperatives: safeguarding the dignity of the states and ensuring their financial solvency." *Id*. It serves those interests by barring suits against the nonconsenting states. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (stating that "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit

in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

There are two circumstances when the Eleventh Amendment does not bar a suit against a state or state agency.[1]  First, a state may waive its Eleventh Amendment immunity by consenting to suit. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).  Second, Congress may abrogate a state's Eleventh Amendment immunity when it unequivocally intends to do so and when it acts pursuant to a valid grant of constitutional authority. *Geness v. Admin. Off. of Pennsylvania Cts.*, 974 F.3d 263, 269–70 (3d Cir. 2020).  The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("Pennsylvania has not waived its sovereign immunity defense in federal court.").  And 42 U.S.C. § 1983 does not

---

[1]  Additionally, under *Ex parte Young*, claims against a state official in his or her official capacity for prospective injunctive relief are not barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123 (1908).  But *Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993).

override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).

**42 U.S.C. § 1983.**

We note the following regarding actions brought under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

"Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw,* 164 F.3d 141, 146 (3d Cir.1998)). The Supreme Court has established several

approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002). The United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)). "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Further, liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct.

Thus, *respondeat superior*[2] cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008). Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

As mentioned above, we will give Neff leave to file an amended complaint to attempt to correct any deficiencies with his compliance with the basic rules set forth above.[3]

---

[2] "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 692 (1978)).

[3] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett*, 938 F.3d 82. "Thus,

Accordingly, **IT IS ORDERED** that Neff is **GRANTED** leave to file an amended complaint within 28 days of the date of this Order. If Neff fails to file an amended complaint, we will screen his original complaint in accordance with 28 U.S.C. § 1915A.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

the most recently filed amended complaint becomes the operative pleading." *Id*. In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case.